**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR GARCIA III, | No.    20-35364 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01573-MC |
| v. | |
| JOHN POPE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Oscar Garcia III appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging Eighth Amendment violations while he was

housed in Oregon state prison.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo the district court's decision on cross-motions for summary

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We may affirm on any basis supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for defendants on Garcia's deliberate indifference claim on the basis of qualified immunity because defendants' conduct in providing Garcia with a warm/hot shower as part of decontamination procedures after he was pepper sprayed did not violate clearly established law. *See Plumhoff v. Rickard*, 572 U.S. 765, 778-79 (2014) ("[A] defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it.").

Summary judgment for defendants on Garcia's excessive force claim was proper because Garcia failed to raise a genuine dispute of material fact as to whether defendants acted "maliciously and sadistically for the very purpose of causing harm" in providing him with a warm/hot decontamination shower. *See Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).

20-35364

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**